Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-00050-WFN-1 |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JUSTIN THOMAS GENTEMANN | |
| Defendant. | |

The United States of America, by and through the United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, respectfully submit the following sentencing memorandum. For the reasons stated below, and consistent with the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the United States respectfully asks the Court to sentence the Defendant, JUSTIN THOMAS GENTEMANN, to thirty-seven months' imprisonment followed by three years' supervised release.

## I.  INTRODUCTION

The parties agreed pursuant to Rule 11(c)(1)(C) to recommend a sentencing range of thirty-three to thirty-seven months' imprisonment followed by three years' supervised release. The United States submits that only the high end of this

range adequately captures the nature and severity of Defendant's offense conduct, as well as the other sentencing factors under 18 U.S.C. § 3553(a).

## II.   STATEMENT OF FACTS

This case arose on March 4, 2021, when Defendant and his victim, L.M.G., were at Owhi Lake, which is located outside Nespelem, Washington on the Colville Indian Reservation. ECF No. 29 at 4. Defendant and L.M.G., who was his intimate partner at the time, got into an argument. *Id.* Defendant head-butted L.M.G., breaking her nose. *Id.* She also had bruising on her chest. ECF No. 33 at ¶ 13. When police responded, officers observed L.G.M. blood on her nose, lips, and neck. *Id.* at ¶ 11. There was also blood on her hoodie. *Id.* An eyewitness reported that he saw L.M.G. running away from Defendant earlier that day. *Id.* at ¶ 12.

In an interview with Tribal police, L.G.M. explained that Defendant had been drinking prior to the assault and accused him of cheating on him. ECF No. 33 at ¶14. As he continued to drink, Defendant became more aggressive. *Id.* Eventually, Defendant punched L.G.M. in the chest and threw her to the ground. *Id.* At this point, Defendant drove away in L.G.M.'s truck. *Id.* Defendant, however, later returned and chased down L.G.M. *Id.* It was at this point, Defendant headbutted L.G.M. and punched her. *Id.* Fortunately, L.G.M. was able to able to get away from Defendant, getting a ride from the eyewitness. *Id.*

When Defendant was placed under arrest, he became belligerent and threatened a Tribal officer, stating, "I'll beat the fuck out of you." ECF No. 33 at ¶ 15. He later attempted to kick an officer, who had to step back to avoid being struck in the leg. *Id.* at ¶ 16. As a result, Defendant struck the officer's hand, causing a contusion and requiring medical treatment. *Id.*

## III.   SENTENCING CALCULATIONS

Based on a total offense level of 16, a criminal history score of 10, and a criminal history category of V, the government agrees with the United States

Probation Office that the advisory guideline range applicable to Defendant case is 41-51 months' imprisonment. ECF No. 223.

Considering these calculations, the government stands by the plea agreement pursuant to Rule 11(c)(1)(C), which results in a sentencing recommendation just slightly below the applicable guideline range.

### IV.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, the Court should consider the factors set forth in 18 U.S.C. § 3553(a).

**A.  The nature and circumstances of the offense and the history and characteristics of the defendant**

The nature and circumstances of the offense, as described in the factual statement above, are concerning. The offense involved acts of violence directed at L.G.M. and a Tribal officer. When L.G.M. freed herself, Defendant returned and assaulted her a second time.

Defendant's offense in this case is the latest in a series of cases involving domestic violence and alcohol abuse. In 2014, for example, Defendant was convicted of driving under the influence. ECF No. 33 at ¶ 63. A year later, in 2015, Defendant was convicted of Third Degree Malicious Mischief – Domestic Violence. ECF No. 33 at ¶ 64. Defendant was convicted of fourth degree assault in 2017 for offense similar to this one – he was intoxicated, assaulted a female victim, and assaulted a police officer. *Id.* at ¶ 80.  In 2018, Defendant was again convicted of domestic violence.  *Id.* at ¶ 88.

In short, Defendant's violence toward women and alcoholism are escalating. A thirty-seven month sentence, which is longer than any sentence imposed in Defendant's previous cases, is appropriate.  It accounts for the offense in this case and Defendant's history of domestic violence and alcohol abuse.

**B.     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

The offense is serious. It involved a domestic violence perpetrator's repeated assault of his then-intimate partner, threatening the personal safety of his victim. Not only did Defendant assault his victim and leave her at the Owhi Lake, but he also then returned and assaulted her again. When arrested, Defendant assaulted the Tribal officer. Accordingly, there is a great need for a sentence reflecting the seriousness of the offense, to promote respect for the law, and to provide just punishment. A sentence of thirty-seven months' imprisonment is sufficient but not greater than necessary to accomplish this purpose.

**C.     The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public**

Domestic violence is a recurring problem on the Colville Indian Reservation, as it is throughout Indian country. *See* Tribal Law and Order Act of 2010, Pub. L. No. 111-211, tit. II, § 203(a)(5), 124 Stat. 2258, 2263 (codified at 25 U.S.C. § 2801 note) (finding "epidemic proportions"). Experience has demonstrated it can be difficult for Native American victims of domestic violence to obtain justice in tribal court. One significant factor is that domestic violence victims, especially in small communities, are fearful of retaliation when those victims come forward. *See id.* Here, a sentence far longer than Defendant's prior criminal sentences is necessary. To this end, thirty-seven months is sufficient, but not greater than necessary, to deter Defendant from his patterns of alcohol abuse and domestic violence. Such a sentence is also necessary to protect female victims, such as L.G.M.

**E.     The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Defendant has indicated he "plans to obtain a welder's certificate" during any period of BOP custody imposed. ECF No. 33 at ¶ 29. He also has recognized the need to address his alcohol abuse while in custody to become a productive, law abiding member of the community. *Id.* at ¶¶ 29, 165. The United States submits that a sentence at a BOP facility affording Defendant an opportunity to undergo drug and alcohol treatment is appropriate. Any period of supervised release should also include a condition that Defendant take anger management courses, domestic violence classes, and engage in treatment to address his alcohol abuse.

**F.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The best way to ensure consistent sentences for similarly-situated defendants across courtrooms, districts, and the country is for courts to apply the Guidelines in the same manner everywhere. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007); *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). But diminishing sentencing disparities "depends . . . upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction." *United States v. Booker*, 543 U.S. 220, 250 (2005). "That determination is particularly important in the federal system where [some] crimes . . . can encompass a vast range of very different kinds of underlying conduct." *Id.* at 250–51.

A thirty-seven month sentence, while slightly below the applicable guideline range in this case, does not result in a significant sentencing disparity. This will be Defendant's longest sentence to date and will constitute his first federal conviction.

## V.  SENTENCING RECOMMENDATION

The United States recommends the Court accept the parties' Rule 11(c)(1)(C) plea agreement and sentence Defendant to thirty-seven months' imprisonment followed by three years' supervised release. Such a sentence adequately captures the nature and severity of Defendant's offense conduct, as well as his criminal history and acceptance of responsibility.

DATED this 15th day of March 2022.

    Respectfully submitted,

    Vanessa R. Waldref
    United States Attorney

    *s/ Richard R. Barker*
    Richard R. Barker
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel of record.

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney
